IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PHL VARIABLE INSURANCE COMPANY, | : | CIVIL ACTION NO. 3:13-cv-1273 |
| | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| THOMAS J. ARCHER, | : | |
| | : | |
| *Defendant*. | : | AUGUST 29, 2013 |

## COMPLAINT

Plaintiff PHL Variable Insurance Company ("Phoenix"), by and through its attorneys, files this Complaint against Defendant Thomas J. Archer ("Archer") as follows:

## THE PARTIES

1. Phoenix is a life insurance company organized under the laws of, and maintains its principal place of business in, the State of Connecticut and is a citizen of the State of Connecticut.

2. On information and belief, Defendant Thomas J. Archer is a citizen of the State of New York who may be served with process in Melville, New York.

## JURISDICTION AND VENUE

3. Archer is a citizen of New York and subject to the personal jurisdiction of the United States District Court for the District of Connecticut pursuant to Conn. Gen. Stat. § 52-59b(a), which states that the Court may exercise jurisdiction over any "nonresident individual [that] . . . transacts business within the state."

43992614.1

4. This Court may exercise diversity jurisdiction over this matter under 28 U.S.C. § 1332(a) because the parties are citizens and residents of different states, and the amount in controversy exceeds $75,000.00.

5. This Court is a proper venue for this action pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## FACTUAL BACKGROUND

6. Phoenix is, and during all relevant times has been, in the business of underwriting and issuing policies of life insurance.

7. Pursuant to the Independent Producer Contract Archer executed with Phoenix (the "Contract"), Archer was an appointed producer of Phoenix. This lawsuit arises out of the Contract.

8. Archer marketed Phoenix life insurance policies to his clients, which resulted in the issuance of Phoenix life insurance policy number 97524238 insuring the life of Joseph Vitale (the "Vitale Policy"). Pursuant to the terms of the Contract, Phoenix paid Archer $461,511.00 in compensation, commissions, and/or expense allowance payments upon Phoenix's issuance of the Vitale Policy (the "Commissions").

9. Shortly after its issuance, the Vitale Policy was rescinded and Phoenix returned a portion of the premiums paid on the Vitale Policy to the Vitale Policy's owner.

10. Under the terms of the Contract, whenever Phoenix, for any reason, refunds any premium on any life insurance policy, Archer must repay to Phoenix, on demand, any commissions or any other compensation Phoenix paid Archer on such policy.

11. While some of Archer's debt has been offset by (1) other compensation payable to Archer but withheld by Phoenix pursuant to the terms of the Contract and/or (2) other offsets to which Archer is entitled, Archer remains liable to Phoenix for $249,708.43.  Phoenix has demanded payment for the Commissions, but Archer has refused to remit any payment to Phoenix.

## CAUSES OF ACTION

## I.
## BREACH OF CONTRACT

12. Phoenix incorporates paragraphs 1 through 11 as if fully set forth herein.

13. The Contract is a valid and enforceable written contract between Phoenix and Archer.  Phoenix has fully performed its obligations under the Contract.  All conditions precedent to Phoenix's recovery against Archer under the terms of the Contract have been performed or have occurred.  Archer's failure and/or refusal, as described above, to honor his obligations under the Contract constitutes a breach of the Contract.

14. As a result of Archer's breach of the Contract, Phoenix has incurred significant damages.  More specifically, Archer's breach of the Contract has caused Phoenix injury in an amount of at least $249,708.43.

## **PRAYER**

For the foregoing reasons, Phoenix respectfully requests that the Court:

(a) enter judgment against Thomas J. Archer entitling Phoenix to recover its actual damages, less any recoupments and/or offsets, and pre-judgment and post-judgment interest; and

(b) award such other and further relief, at law or in equity, to which Phoenix may be entitled.

> Respectfully submitted,
>
> PLAINTIFF,
> PHL VARIABLE INSURANCE COMPANY
>
>
> By     /s/ Eric L. Sussman
>          Eric L. Sussman (ct19723)
>          DAY PITNEY LLP
>          242 Trumbull Street
>          Hartford, Connecticut 06103-1212
>          (860) 275-0100
>          (860) 275-0343 (fax)
>          *elsussman@daypitney.com*
>          Its Attorneys

OF COUNSEL:

EDISON, MCDOWELL & HETHERINGTON LLP
Jessica L. Wilson*
Texas Bar No. 24028230
Andrew R. Kasner*
Texas Bar No. 24078770
3200 Southwest Freeway, Suite 2100
Houston, Texas 77027
Telephone:  (713) 337-5580
Telecopy:  (713) 337-8850
* *Pro hac vice applications to be filed*